UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:07CV219 CDP |
| MILLER CONTRACTING SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs ask me to reinstate an injunction entered on December 19, 2007 and stayed on December 21, 2007 at the joint request of the parties. Plaintiffs also want me to enjoin several non-parties to this action based on a ruling issued by the Honorable Jean C. Hamilton in Cause Number 4:07CV1500.[1] The motion was not supported by a legal memorandum as required by the local rules. Plaintiffs allege that they are entitled to relief because defendant failed to comply with paragraph six of the consent judgment, which requires defendant to secure a $25,000 bond. When defendant correctly noted in its opposition that plaintiffs were not entitled to

---

[1]Although plaintiffs claim they provided this Order as an exhibit to their motion, they did not.

the relief they seek based on an alleged failure to post a bond, plaintiffs abandoned that theory and instead argued that plaintiffs failed to file timely reports. The consent judgment does provide that the injunction will be reinstated if defendant, after notice from plaintiffs' counsel, fails to provide the required reports or payments. However, plaintiffs' evidence of defendant's noncompliance is insufficient. For example, plaintiffs claim that defendant failed to file its report for November 2011, but the evidence provided demonstrates that defendant did not file a report because it had no work for November. The remaining evidence of failure to file reports consists of confusing e-mails about work that defendant may or may not have performed. Moreover, plaintiffs have not demonstrated that an e-mail from plaintiffs' counsel asking "What gives?" constitutes sufficient notice of non-compliance with the consent judgment such that the injunction should be reinstated.

For all of these reasons, I will deny the motion without prejudice. Should plaintiffs decide to file an amended motion, it should be properly supported with legal authority in an accompanying memorandum.[2] Additionally, plaintiffs should make sure they actually attach all purported exhibits and file a proposed Order

---

[2]This memorandum should set out the legal basis for providing the requested relief, including the request that I enforce an injunction against non-parties based on a ruling issued in another case.

granting the requested relief.  Finally, plaintiffs are required to serve all materials on Miller Building Group, LLC, Miller Demolition, LLC, JLM Operating, and Jimmie Miller to the extent they seek any injunctive relief against these non-parties.  Plaintiffs will be required to file proof of service within 14 days of the filing of any amended motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to reinstate injunction [#35] is denied without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2012.